## STATE *v.* ORRIN PORTER.

DETECTIVE OR ACCOMPLICE—BELIEFS OR SUSPICIONS NOT EVIDENCE.

The beliefs or suspicions of a detective or accomplice, of the guilt or innocence of a defendant of the crime charged, or of any other crime, are inadmissible as evidence, whether stated to the jury by such detective or accomplice, or by any other person.

( No. 863.   Decided Feb. 16, 1898. )

Appeal from the Second district court, Davis county. H. H. Rolapp, *Judge.*

Orrin Porter was convicted of burglary, and appeals. *Reversed.*

*Evans & Rogers,* for appellant.

*A. C. Bishop, Atty. Gen.,* and *Benner X. Smith, Asst. Atty. Gen.,* for the State.

ZANE, C. J.:

The defendant was charged with the crime of burglary, committed, as alleged, on January 6, 1897, and he pleaded not guilty. The jury found him guilty, and the court sentenced him to imprisonment in the state's prison for the term of three years. From this sentence, he has appealed.

On the trial of the cause, the state introduced Walter Foley as a witness, who testified that he was with the defendant at the time of the commission of the crime, in the capacity of detective. The state also introduced James Kippen as a witness, and the following questions were asked by the state's attorney, and answered by the witness, to all of which the defendant's counsel interposed objections that were overruled by the court, and the defendant's counsel excepted: " Q. Did you ever have any conversation with him [ Foley ] with respect to his detecting or disclosing certain offenses that had been committed? A. Yes, sir. Q. What did he say? A. He told me he was going to catch them fellows in Porterville, that had been stealing. Q. Did he say who? A. Yes. Q. Did he mention the defendant? A. Well, I don't know that he mentioned Porter's name in this,—I am not positive,— but he said the ' gang.' Q. Did you ever have any conversation with him as to who the gang included? A. Yes, sir. Q. Did the gang he spoke of include the defendant or not? A. Well, yes; he spoke of him on different occasions. Q. In speaking of the gang? A. Yes, sir; of the gang." The state's attorney also introduced Chris Kofford, and propounded to him questions similar to those propounded to Kippen, to which he gave similar answers, under objections by defendant, which objections were overruled by the court, and exceptions duly taken by de-

16 UTAH—13

fendant. The conversations narrated by the witnesses Kippen and Kofford were statements of witness Foley, made out of the hearing of the defendant. In them Foley, in effect, said that the "gang" had been stealing, and that defendant was one of the gang, and that he was going to catch them. The prosecution asked the witness, "Did the gang he spoke of include the defendant or not?" and the witness answered that Foley spoke of defendant on different occasions when speaking of the gang. These statements were not offered as the confessions of a conspirator with the defendant in the commission of a crime, and in furtherance of it. They were not so made, Kippen was also asked whether the gang included the defendant, and he answered that it did. Nor was it competent for the witness to state who Foley meant to include in the gang.

In overruling the defendant's objections to the questions and answers above mentioned, the court erred. *State* v. *Kilburn*, 16 Utah 187. The judgment of the court below is reversed, and the cause is remanded, with directions to grant a new trial.

BARTCH and MINER, JJ., concur.